**Sharon HULIHAN, Plaintiff–Appellant,**

v.

**CIRCLE K STORES, Defendant–Appellee.**

No. 10–16766.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 9, 2011.*

Filed Dec. 21, 2011.

Sharon Hulihan, Las Vegas, NV, pro se.

Rebecca L. Mastrangelo, Esquire, Rogers, Mastrangelo, Carvalho & Mitchell, Las Vegas, NV, for Defendant–Appellee.

Before: FARRIS, BEEZER, and LEAVY, Circuit Judges.

MEMORANDUM **

Sharon Hulihan appeals pro se from the district court's grant of summary judgment to Circle K on her negligence, Americans with Disabilities Act (ADA), and state law anti-discrimination claims. We have jurisdiction over this matter pursuant to 28 U.S.C. § 1291. The facts of this case are known to the parties. We need not repeat them here.

"We review a district court's grant of summary judgment *de novo,* and may affirm on any basis supported by the record." *Gordon v. Virtumundo, Inc.,* 575 F.3d 1040, 1047 (9th Cir.2009). "We review the evidence in a light most favorable to the non-moving party and decide whether there are any genuine issues of material fact and whether the district court correctly applied the substantive law." *FTC v. Stefanchik,* 559 F.3d 924, 927 (9th Cir. 2009).

The district court properly granted summary judgment to Circle K on Hulihan's ADA claim. "Injunctive relief is the sole remedy available to private parties under the Disabilities Act; it does not authorize a claim for money damages." *Antoninetti v. Chipotle Mexican Grill, Inc.,* 643 F.3d 1165, 1174 (9th Cir.2010). Because Hulihan concedes that the new ramp is ADA-compliant, this claim is moot.

We believe that the district court misstated Nevada law by holding that plaintiffs must produce medical expert testimony to prove causation in a negligence claim. The law of Nevada is that "medical expert testimony regarding standard of care and causation must be stated to a reasonable degree of medical probability." *Morsicato v. Sav–On Drug Stores, Inc.,* 121 Nev. 153, 111 P.3d 1112, 1116 (2005). That is, *when* a medical expert testifies as to causation, the expert must be able to state his or her opinion to a reasonable degree of medical probability. The Nevada Supreme Court has never explicitly held that medical expert testimony is mandatory in every case, *see, e.g., Williams v. Eight Judicial Dist. Court,* 262 P.3d 360,

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

367–69 (Nev.2011), and we will not make this assumption for them. Indeed, past cases have not always required medical expert testimony to prove causation. *See, e.g., Jeep Corp. v. Murray,* 101 Nev. 640, 708 P.2d 297, 300 (1985), *superceded by statute on other grounds as stated in Countrywide Home Loans v. Thitchener,* 124 Nev. 725, 192 P.3d 243, 253–54 & n. 39 (2008). We shall not do so here.

Because we may affirm "on any basis supported by the record," *Gordon,* 575 F.3d at 1047, however, we conclude that the district court properly granted summary judgment to Circle K on the negligence claim. Hulihan has failed to establish a genuine issue of material fact as to causation. *See Stefanchik,* 559 F.3d at 927. None of her three doctors could testify to a reasonable degree of medical probability that the fall at Circle K caused her alleged injuries. *See Williams,* 262 P.3d at 367. Hulihan's other witnesses do not even testify to causation. She has not presented a genuine issue to merit a full trial.

The record likewise supports the grant of summary judgment to Circle K on Hulihan's state law anti-discrimination claim, despite the district court again incorrectly imposing a medical expert requirement. Nevada law ensures equal enjoyment to places of public accommodation without discrimination on the basis of disability. NEV.REV.STAT. § 651.070. But to prevail Hulihan must prove "actual damages." *Id.* § 651.090; *Long v. Coast Resorts, Inc.,* 267 F.3d 918, 925 (9th Cir.2001). Alleging a denial of equal enjoyment is insufficient to prove liability; a plaintiff must prove that the denial caused her actual injury. Because Hulihan is unable to establish a gen-

uine issue as to the cause of her alleged injuries, her claim must fail.

AFFIRMED.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.